Mark Jaffe (California Bar No. 315950)
5 Bridges Law, PC
2027 Ascot Drive #1
Moraga, CA 94556
t: (718) 730-3306
markj@5bridgeslaw.com

*Attorney for Defendants Conor Petersen and Thunkspace, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ROGERS, an individual<br><br>Plaintiff,<br><br>v.<br><br>CONOR PETERSEN, an individual; and, THUNKSPACE, LLC<br><br>Defendants. | **Case No. 3:23-cv-3281-TLT**<br><br>**RE-NOTICED MOTION TO DISMISS UNDER 12(b)(1), 12(b)(6), 12(b)(2), AND 12(b)(3) OR TO TRANSFER VENUE**<br><br>Date:      December 5, 2023<br>Time:      2:00 p.m.<br>Courtroom:   9, 19th Floor<br><br>Judge: Hon. Trina L. Thompson |

## NOTICE OF MOTION AND MOTION TO DISMISS

To Plaintiff and Plaintiff's attorneys of record: notice is hereby given that on November 9, 2023, at 2:30 pm or as soon thereafter as counsel may be heard, before Magistrate Judge Peter H. Kang in Courtroom F, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102, Defendants Conor Petersen and Thunkspace, LLC will and hereby do move to the court to dismiss this case.

Defendants move to dismiss based on: lack of subject matter jurisdiction under Fed. Civ. P. 12(b)(1), lack of personal jurisdiction under 12(b)(2), improper venue under 12(b)(3), forum non

conveniens, and failure to state a claim under 12(b)(6) on the Seventh claim for relief. Plaintiff moves in the alternative to transfer this matter to a federal court in the Northern District of Illinois.[1]

## ISSUES TO BE DECIDED

1. Whether the Seventh Claim for relief, copyright infringement, should be dismissed for failure to state a claim under 12(b)(6).
2. Whether complete diversity does not exist for the remaining claims arising from state law because the plaintiff and defendants all reside in Illinois.
3. Whether, as a result of Issues 1 and 2, this case should be dismissed for lack of subject matter jurisdiction.
4. Whether, if the court has subject matter jurisdiction, the case should be dismissed for lack of personal jurisdiction over both defendants.
5. Whether this case should be dismissed for improper venue, or in the alternative transferred to a federal court in Northern District of Illinois under 28 U.S.C. § 1404(a).
6. Whether the case should be dismissed under *forum non conveniens*, or in the alternative transferred to a federal court in Northern District of Illinois under 28 U.S.C. § 1404(a).
7. Whether the court will allow an award of attorney's fees under 17 U.S.C. § 505 for an objectively unreasonable copyright infringement claim, or order briefing on this issue.

Plaintiff first filed a Motion to Dismiss or Transfer Venue on September 8, 2023 (ECF 21). By direction Clerk's Notice ECF 24, is re-noticing for hearing. The re-noticed Memorandum of Points and Authorities has been edited from the first filing, and includes a citation of the 9th Circuit's decision *Impossible Foods Inc. v. Impossible X LLC,* 21-16977 (9th Cir. Sept. 12, 2023).

---

[1] Because this action is likely to be dismissed or transferred to an appropriate forum, and because the choice of law issues are uncertain, Defendants do not at this time move to dismiss the state law claims on any substantive ground, but reserve their right to dismiss each of these claim under 12(b)(6), 12(c), or any other available ground.

# Table Of Contents

**Table of Authorities**……………………………………………………………………………..….…..4

**MEMORANDUM OF POINTS AND AUTHORITIES**........................................................... 5

**I. Preliminary Statement** ................................................................................................ 5

**II. Statement of Relevant Facts**..................................................................................... 5

**III. Argument** ................................................................................................................... 9

**a. The Court Does Not Have Subject Matter Jurisdiction** ......................................... 9

**i. The Seventh Claim for Relief (Copyright Infringement) Fails to State a Claim Because it Alleges Joint Authorship**………………………………………………………………...…9

**ii. There is No Diversity Among the Parties Because Plainftiff and Defendants Each Reside in Illinois**…....................................................................................................... 11

**b. There is No Personal Jurisdiction Over the Parties** ............................................. 12

**i. There is No General Jurisdiction** ............................................................................ 13

**ii. There is No Specific Jurisdiction**............................................................................ 13

**c. Venue is Improper** ..................................................................................................... 16

**d. The Case Should be Dismissed or Transferred Under** *Forum Non Conveniens*................ 17

**IV. Conclusion**................................................................................................................ 19

## Table of Authorities

**CASES**

*Atari Interactive, Inc. v. Redbubble, Inc.,* 2022 U.S.Dist. LEXIS 189434,18-cv-03451-JST (N.D.Ca. Sept. 12, 2022) …...………………………………………………………………………………10

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068 (9th Cir. 2017) .......................... 14

*Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128 (9th Cir. 1995)....................... 15

*Cinq. Music Group, LLC v. Create Music Grp., Inc.,* 2:22-cv-07505-JLS-MAR, 2023 US Dist. LEXIS 76599 (C.D. Ca. Apr. 26, 2023) .................................................................................. 10

*Contact Lumber Co. v. P.T. Moges Shipping Co.,* 948 F.2d 1446, 1451 (9th Cir. 1990)........ 17, 18

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881 (2019)…………..………..11

*Impossible Foods Inc. v. Impossible X LLC,* 2023 U.S.App. LEXIS 24106, 21-16977 (9th Cir. Sept. 12, 2023) ................................................................................................................................. *10*

*Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006)........................  12

*Kanter v. Warner-Lambert Co.,* 265 F.3d 853 (9th Cir. 2001)......................................................  11

*Kirtasaeng v. John Wiley & Sons, Inc.,* 579 U.S. 197 (2016)....................................................... 10

*LNS Enters. LLC v. Cont'l Motors, Inc.,* 22 F.4th 852, 858 (9th Cir. 2022) ..........................  13, 15

*Lockman Foundation v. Evangelical Alliance Mission,* 930 F.2d 764 (9th Cir. 1991) ................. 17

*Morrill v. Smashing Pumpkins,* 157 F.Supp.2d 1120 (C.D. Ca. 2001)........................................... 9

*Oddo v. Ries,* 743 F.2d 630 (9th Cir. 1984) …………………………………………………..….9

*Nifty Quarter, Inc. v. Fresh Folded Laundry LLC*, 2023 U.S. Dist. LEXIS 142914, 2:23-cv-0180-RBM-BLM (S.D. Ca. Aug. 15, 2023) ........................................................................ 13, 14, 15

*Pers. Web Techs., LLC v. EMC Corp.,* 5:13-cv-01358-EJD, 2020 U.S.Dist. LEXIS 57441 (N.D.Ca. Apr. 1, 2020)…..…………………………………………………………………………………10

*Ranza v. Nike, Inc.* 793 F.3d 1059, 1068, (9th Cir. 2015)……………………………………...13

*Reinsdorf v. Skechers U.S.A.,* 922 F.Supp.2d 866 (C.D. Ca. 2013)............................................... 9

*Roblox v. Wowwee Grp. Ltd.,* 2023 U.S. Dist. LEXIS 40153, 22-cv-04476-SI (C.D. Ca. Mar. 9, 2023) ........................................................................................................................................ 11

*Roman Catholic Bishop of Sacramento*, 2007 U.S. Dist. LEXIS 42623, 07-cv-2007-WBS-GGH (E.D. Ca. May 30, 2007)........................................................................................................... 11

**STATUTES AND RULES**

17 U.S.C. § 411(a) ........................................................................................................................ 10

17 U.S.C. § 505............................................................................................................................... 7

28 U.S.C. § 1391(b) ................................................................................................................ 18-19

28 U.S.C. § 1332(a)(1) ................................................................................................................. 11

28 U.S.C. § 1400(a) ...................................................................................................................... 19

Fed. R. Civ. P. 12(b)(2) ................................................................................................................ 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Preliminary Statement

The court does not have subject matter jurisdiction to hear this claim, and therefore should dismiss it in its entirety. The sole claim based on federal law, copyright infringement, fails as a matter of law because Plaintiff alleges that one Defendant is a joint author of the copyright at issue, and alleges the other is a joint owner. A joint author or joint owner cannot infringe their own copyright. The claim is so objectively and legally incorrect that an award of attorney's fees for prevailing parties under 17 U.S.C. § 505 is appropriate.

As to the remaining claims under state law, the court does not have diversity jurisdiction because all parties reside in Illinois. Plaintiff is wrong about his legal domicile, correctly alleging that he resides in Illinois but wrong that his "intent to return to San Francisco" allegation is sufficient to establish domicile in California. Plaintiff is also incorrect about the domicile of defendants. Defendant Conor Petersen resides in Illinois, as does defendant Thunkspace, LLC because Mr. Petersen is its sole member.

The lack of subject matter jurisdiction is sufficient for this court to dismiss this case. But additionally, the Court does not have personal jurisdiction over the Defendants and the Complaint does not allege sufficient facts to require Defendants to be tried in California. All of the parties, including Plaintiff, reside in Illinois, and the Defendants were not present in California at any time during the alleged events. Defendants did not direct its allegedly wrongful activities towards California. For similar reasons, Plaintiff's Complaint fails to establish that venue is proper. Therefore, the court should either dismiss the case or transfer to a federal court in Illinois.

## II.    Statement of Relevant Facts

For the purposes of a motion to dismiss, the allegations in the Complaint are presumed to be true. Defendants recite the facts below as alleged in the Complaint, and this recitation should be not

be deemed admissions to those facts, except where stated in the accompanying Declarations.

Moreover, the accompanying Declarations establish the following to be true and should be deemed true, despite the contrary allegations in the Complaint: Defendant Conor Petersen is a citizen and resident of Chicago, Illinois (Declaration of Conor Petersen ¶ 2; Contrary to Complaint ¶ 4), and Defendant Thunkspace LLC's principal place of business is Chicago, Illinois (Declaration of Conor Petersen ¶ 5; Contrary to Complaint ¶ 5). Defendants request this Court take judicial notice of these facts.

Defendants' Declaration also states that he has never lived in California and was not present in California during the time frame in the Complaint. Declaration of Conor Petersen ¶ 13. Approximately 1.2% of Thunkspace LLC's sales revenue derives from a California-based vendor. Declaration of Conor Petersen ¶ 9.

Additionally, Defendants allege, upon an investigation, that Plaintiff Nathan Rogers has resided in Chicago, Illinois since April 2023 and perhaps earlier.

The following facts are taken from the Complaint and are assumed to be true only for the purposes of this motion:

Plaintiff Nathan Rogers, a software engineer, resides in Chicago, Illinois, after having previously lived in San Francsico, California. Complaint ¶ 3. He intends to return to San Francisco. Complaint ¶ 3.

In 2019, Rogers and Defendant Conor Petersen discussed online the creation of their own "auto battler" game. Complaint ¶ 32. They intended to bring the game to market for online purchase. Complaint ¶ 35.

On January 11, 2019, Rogers and Petersen held a videoconference meeting, where they began to design the architecture of their still-to-be defined game's backend. Complaint ¶ 38. Rogers began coding fundamental elements, starting with the network socket code and the code for

serializing and deserializing game commands. Complaint ¶ 42. At the same time, he started building the code repository for the server. Complaint ¶ 43. Then he worked on the game server. Complaint ¶ 44. Rogers collaborated with Petersen to develop the game's overall mechanics, design, and game play. Complaint ¶ 45. Petersen sent Rogers a Google Document titled "Fantasy Auto Chess" which contained notes of their discussions about the game's design, mechanics, and gameplay. Complaint ¶ 45. Rogers's access to this document has since been revoked. Complaint ¶ 45

From January through May 2019, Rogers developed software for user information. ¶ 45. He integrated the server, clients, and game operations. Complaint ¶ 46. He built miscellaneous utility files and scripts. Complaint ¶ 48.

On April 7, 2019, Petersen sent Rogers an email proposing an Agreement that, among other things, Petersen would "Make the game, design, programming, art, sound effects." Complaint ¶ 54, Exhibit C to Complaint. Petersen's email proposed that:

- o The game will be published under an entity entirely owned and managed by me.

- o You get 20% of profit from the game. Profit is dollars after storefront/publishing costs.

- o I own the game, all copyrights related to the art/name of the game, all my code, and have unlimited right to use your code for this game.

Complaint ¶ 55, 58, Exhibit C to Complaint.

On April 7, 2019, Rogers responded to the email: "Looks good to me. Agreed." Complaint ¶ 61, Exhibit C to Complaint.

The "entity" in Petersen's email is Thunkspace, LLC. Complaint ¶ 56.

Following his agreement with Petersen, Rogers continued to work on development of the code for what would become 5D Chess. Complaint ¶¶ 62-66. He spent approximately 200 hours

designing, building, and implementing the code for Rogers and Petersen's auto battler chess game. Complaint ¶ 67.

From January through May 2019, Rogers and Petersen routinely met on Google Hangout three to four times a week to discuss and work on 5D Chess. Complaint ¶ 68. They also communicated over Steam Chat. Complaint ¶ 68.

The Complaint does not make any specific allegation of Plaintiff's acting in California, or communicating with any person in California, after May 2019. Rogers and Petersen's last videoconference call was on May 19, 2019. Complaint ¶ 69. Petersen stopped communicating with Rogers after May 23, 2019. Complaint ¶¶ 70-72.

Petersen formed Thunkspace on December 12, 2019. Complaint ¶ 74. He assigned his agreement with Rogers to Thunkspace, or rendered Thunkspace the third-party beneficiary of Petersen's Agreement with Roger. Complaint ¶ 75.

According to Thunkspace's public Twitter account, Thunkspace published 5D Chess on July 22, 2020. Petersen's personal website publicizes 5 Chess, dated July 22, 2020. Complaint ¶ 76,

Rogers was not aware of any connection between 5D Chess and Petersen until January 2021. Complaint ¶ 77. In January 21, 2021, he purchased a copy of 5D Chess and reviewed the disassembly of the binary code, discovering idiosyncrasies in the source code unique to his naming conventions. Complaint ¶ 79. These thumbprints indicate Petersen, Thunkspace, and/or their agents or employees directly integrated Rogers's code into the 5D Chess source code. Complaint ¶¶ 79-83.

Defendants publicly listed Rogers in the credits of the game, acknowledging him for his invaluable contributions to 5D Chess. Complaint ¶ 85.

In April 2023, Rogers visited the third-party service that estimates the number copies of games sold on the Steam platform. Complaint ¶ 86. He discovered that 5D Chess had between 500,000 and 1,000,000 purchasers. Complaint ¶ 86.

### III. Argument

#### a. The Court Does Not Have Subject Matter Jurisdiction

The court has no subject matter jurisdiction over this matter as pleaded, and is therefore is obligated to dismiss the Complaint. There is a single claim under federal law for copyright infringement, which fails as a matter of law because the Complaint alleges one Defendant is a joint author of Plaintiff's copyright and the other is a joint owner. As to the remaining state law claims, there is no jurisdiction under 28 U.S.C. § 1332(a)(1) because all of the parties are domiciled in Illinois.

##### i. The Seventh Claim for Relief (Copyright Infringement) Fails to State a Claim Because It Alleges Joint Authorship

The copyright infringement claim, the only cause of action that arises under federal law, fails to state a claim because it alleges that defendant Petersen is a joint author of the Plaintiff's alleged copyright, and that defendant Thunkspace, LLC is a co-owner.

"A co-owner of a copyright cannot be liable to its co-owner for infringement of the copyright." *Oddo v. Ries*, 743 F.2d 630, 632-633 (9th Cir. 1984) (citing numerous cases). A co-owner "has an independent right to use or license the use of the copyright". *Id.*, 743 F.2d at 633. Likewise, a joint author cannot be held liable for copyright infringement of the copyright, and may use or license any part of the joint work. *Reinsdorf v. Skechers U.S.A.*, 922 F.Supp.2d 866, 872 (C.D. Ca. 2013); *See also Morrill v. Smashing Pumpkins*, 157 F.Supp.2d 1120, 1126 (C.D. Ca. 2001).

Although Defendants do not concede that Plaintiff is a joint author, Plaintiff is very clear in his own complaint that he is alleging joint authorship. This is reinforced several times in his seventh claim for relief. In his copyright infringement claim he alleges that:

- "Rogers and Petersen are co-authors of the original works of 5D Chess, which includes, but not limited to the game's source code, characters, mechanics, designs" Complaint ¶ 162

- "Rogers and Petersen own that copyright jointly and equally." Complaint ¶ 163

- "The Agreement does not modify the copyright that Rogers and Petersen owned, jointly and severally, prior to the execution of the Agreement." Complaint ¶ 164

- "Accordingly, Rogers has joint and several rights in the copyright." Complaint ¶ 165.

It is impossible under the law, based on Rogers's own allegations in his seventh claim for relief, for Petersen or Thunkspace to be copyright infringers.

The copyright infringement claim is so objectively incorrect as a matter of law, on a universally applied and readily verifiable issue, that Defendants are entitled to attorney's fees under 17 U.S.C. § 505 for defending against this claim. § 17 U.S.C. 505 allows a district court to "award a reasonable attorney's fee to the prevailing party." The Supreme Court has directed courts to "give substantial weight" to the objective reasonableness of the losing party's position." *Kirtasaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 199 (2016). An award of attorney's fees is especially appropriate here not only because the claim as stated is objectively unreasonable, but Plaintiff's counsel was made aware of this defect by Defendants' previous counsel. *See* Declaration of Mark Jaffe. *See Cinq. Music Group, LLC v. Create Music Grp., Inc.*, 2:22-cv-07505-JLS-MAR, 2023 US Dist. LEXIS 76599 (C.D. Ca. Apr. 26, 2023) ("This was not a close and difficult case…even if [plaintiff] was unaware of the weakness of its position at the outset of this litigation, its insistence on [pursuing its claims] despite ample advance notice of such weaknesses…demonstrates the unreasonable and frivolous nature of this lawsuit. Accordingly, these two factors weigh in favor of an award of attorney fees"). Courts in this District hold that a decision on attorney's fees under § 505 should be determined "without delay" and without a stay pending appeal. *See, e.g., Atari Interactive, Inc. v. Redbubble, Inc.*, 2022 U.S. Dist. LEXIS 189434, *3, 18-cv-03451-JST (N.D. Ca. Sept. 12, 2022); *Pers. Web Techs., LLC v. EMC Corp.*, 5:13-cv-01358-EJD, 2020 U.S. Dist. LEXIS 57441 (N.D. Ca. Apr. 1, 2020).

Additionally, Plaintiff has failed to plead that his alleged copyright is registered with the Copyright Office as required under 17 U.S.C. § 411(a). The failure to plead registration is an

additional basis to dismiss the copyright infringement claim. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019); *see Roblox v. Wowwee Grp. Ltd.*, 2023 U.S. Dist. LEXIS 40153, * 11, 22-cv-04476-SI (C.D. Ca. Mar. 9, 2023) (stating the 9th Circuit rule that the copyright must be registered before filing, and the defect cannot be cured by an amended pleading).

### ii. There is No Diversity Among the Parties Because Plaintiff and Defendants Each Reside in Illinois

Because the sole claim based on federal law must be dismissed, this court retains subject matter jurisdiction on the remaining claims only if there is "complete diversity" between the parties under 28 U.S.C. § 1332(a)(1). There is no diversity because all of the parties are domiciled in Illinois. In fact, Plaintiff is incorrect about the domicile of all parties, including Plaintiff's own domicile.

**Plaintiff is domiciled in Illinois**. According to the Complaint, and as confirmed by Defendants' research, Nathan Rogers lives in Illinois. Complaint ¶ 3. Plaintiff also admitted in his filings that he is not a citizen of California. On his Civil Cover Sheet to his Complaint, Rogers marked that he is a "Citizen of Another State" than California. ECF # 2. When asked by the Court to refile, the amended Civil Cover Sheet still listed him as "Citizen of Another State". ECF # 5. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The diversity statute speaks of citizenship").

"A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which she intends to return." *Kanter* 265 F.3d at 857 (9th Cir. 2001). The burden is on the plaintiff invoking diversity, who must show objective facts demonstrating domicile. *Rubio v. Roman Catholic Bishop of Sacramento*, 2007 U.S. Dist. LEXIS 42623, * 4, 07-cv-2007-WBS-GGH (E.D. Ca. May 30, 2007). A mere assertion of intent to return is not sufficient to overcome facts to the contrary. *Rubio*, * 10.

Therefore, Rogers's mere assertion of his "intent to return to San Francisco" is insufficient

for purposes of § 1332, when the evidence and his own submissions indicate he is domiciled in Illinois.

**Defendant Conor Petersen is domiciled in Illinois.** As evidenced by his Declaration, Petersen resides in Illinois, and not in Washington as alleged in Plaintiff's Complaint. Petersen has been living in Chicago, Illinois continuously since August 2021, and at his current address, a home he owns, since October 2022.

It is possible that Plaintiff was aware of Petersen's residence when filing the Complaint, because Exhibit A to the Complaint indicates that Thunkspace's Principal Office Street Address and Principal Office Mailing Address are in Chicago, Illinois. A Google search reveals that it is a residential address. Even if it is uncertain whether Plaintiff knew Petersen's residence at the time of filing, he most certainly became aware soon after. The Complaint was served against Petersen at his Chicago address. Petersen's previous counsel discussed this with Rogers's counsel soon after service, but Plaintiff refused to withdraw or modify his Complaint. *See* Declaration of Mark Jaffe. This motion was originally filed and served on Plaintiff's counsel on September 8, 2023, with the same information.

**Defendant Thunkspace, LLC is domiciled in Illinois.** Although the court lacks jurisdiction because Rogers and Petersen both reside in Illinois, the Complaint also misstates Thunkspace's domicile factually and as a matter of law. As a factual matter, Thunkspace's principal place of business is Illinois, where Petersen, its sole member, works. *See* Declaration of Conor Petersen.

Regardless, the principal place of business does not determine a limited liability company's domicile for purposes of diversity. As a matter of law, Thunkspace's domicile is incorrectly pleaded because the domicile of a limited liability company is determined by the domicile of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because Petersen resides in Illinois, Thunkspace's domicile is also in Illinois.

### b. There is No Personal Jurisdiction Over the Parties

Plaintiff has also failed to establish personal jurisdiction over Defendants, who reside in Illinois and have little connection to California.

When a defendant moves to miss for lack of personal jurisdiction under 12(b)(2), plaintiff bears the burden of proof of demonstrating the court has jurisdiction over the defendants. *Ranza v. Nike, Inc.* 793 F.3d 1059, 1068, (9th Cir. 2015). A court need not assume the truth of allegations in a pleading if contradicted by an affidavit. *Nifty Quarter, Inc. v. Fresh Folded Laundry LLC*, 2023 U.S. Dist. LEXIS 142914, * 8, 2:23-cv-0180-RBM-BLM (S.D. Ca. Aug. 15, 2023), *citing LNS Enters. LLC v. Cont'l Motors, Inc.* 22 F.4th 852, 858 (9th Cir. 2022).

### i. There is No General Jurisdiction

The Complaint alleges that Defendants "conduct regular business through sales of 5D Chess and derive revenue from interstate commerce directed at California and this District" (¶ 20) in an apparent attempt to establish "general jurisdiction". That is insufficient for general jurisdiction, which requires that defendants' contacts be so "continuous and systematic as to render them essentially 'at home' in the forum State." *Id.*, 22 F.4th at 859.

Defendants are not "at home" in California. As discussed above, Petersen resides in Illinois and was not present in California for the entirety of facts alleged in the Complaint. He is the sole member of defendant Thunkspace, with a principal place of business in Illinois. Prior to living in California, Petersen lived in Washington. As explained in his Declaration, 1.2% of Thunkspace's sales revenue derives from a California-based sales vendor.

### ii. There is No Specific Jurisdiction

Plaintiff claims that it has personal jurisdiction over Petersen because Rogers "partnered with Rogers to develop the game while Rogers was domiciled in California" (Complaint ¶ 12), that he engaged in videoconference calls with Rogers when Rogers resided in California (Complaint ¶ 14),

and that Rogers worked on the game while he was in California (Complaint ¶¶ 15-16). Collectively, these facts are not sufficient to demonstrate specific jurisdiction.

Specific jurisdiction requires that: 1) defendant purposely directed activities towards the forum or purposely availed themselves of privilege of doing business in the forum; 2) plaintiff's claim arises out of or relates to those activities; and 3) assertion of personal jurisdiction is reasonable and fair. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068 (9th Cir. 2017). The burden is on the plaintiff to establish the first two factors. If plaintiff meets them, the burden shifts to defendant to establish the third. *Id.* at 1068-1069.

Purposeful direction asks whether defendants intentionally targeted the defendant in the forum state. *Nifty Quarter, Inc.,* 2023 U.S. Dist. LEXIS 142914, ** 10-11. It is not sufficient that defendants engaged in wrongful conduct affecting the plaintiff in the forum state, even if the defendants know plaintiff is in the state. *Id.*

Therefore, the allegation that "Petersen partnered with Rogers to develop the game while Rogers was domiciled in California" is insufficient to show that defendants purposely directed their activities towards the state. The Complaint alleges that Petersen ceased communications with Rogers in May 2019, and formed defendant Thunkspace, LLC seven months later. Therefore, Defendants did not direct any activities towards California – all of the allegedly wrongful acts took place after Defendants no longer had any contact with Rogers in California.

Moreover, an unsupported assertion that Defendants "conduct regular business in California through sales of 5D Chess and derive revenue from interstate commerce directed at California and this District" is insufficient. As explained in Petersen's Declaration, only a small portion of sales revenue for the 5D Chess game derived from a California vendor. There is no allegation supporting Plaintiff's assertion that Petersen and Thunkspace's game was "expressly aimed at California". If any sale to a single user were sufficient to establish jurisdiction in the state where a user resides or is

present, even though no parties reside there, then Plaintiff could sue Defendants in any state in the country and the limitations of personal jurisdiction would be meaningless.

For similar reasons, Plaintiff cannot demonstrate that Defendants purposely availed themselves of the privilege of doing business in California, or that Plaintiff's claims arise from those activities. The suit-related contact must have a "substantial connection with the forum State." *LNS Enters, LLC*, 22 F.4th at 859. The connection with the forum state must be more than the "mere placement of a product into a stream of commerce." *Id.* at 860. Therefore, the allegations of "revenue" from California is insufficient to show that Defendants purposely availed themselves of California. Those conclusory allegations are contradicted by the affidavit of Conor Petersen which explains that only a small fraction of its business derives from California. Even if Plaintiff resided in California – and he admits he does not – it would not be sufficient to establish a connection between the alleged activities and the state. *See Nifty Quarter, Inc.,* 2023 U.S. Dist. LEXIS 142914*, \** 21. Because he does not reside in California, he does not experience harm there.

*Impossible Foods Inc. v. Impossible X LLC*, a recent decision, sheds light on how Defendants cannot have purposely directed its activities towards California or purposely availed themselves of the privilege of doing business there. 2023 U.S.App. LEXIS 24106, 21-16977 (9th Cir. Sept. 12, 2023). There, the natural person defendant did not reside in California and his company was not located in California. However, it was the vital to the 9th District's decision that defendant headquartered his company in California while for three years, while he lived there. *Id.* at * 18-19. The court also found that defendants had "extensive promotional activities in California." *Id.* Based on these key facts, the 9th Circuit held that defendants purposely directed their activities towards California and purposely available themselves of doing business in California. None of those factors are present in this case. Mr. Petersen has never lived in California and Thunkspace LLC was never headquartered in California.

Even if Plaintiff can intimate facts supporting the first two factors, it is unreasonable to expect Defendants to appear in California for this litigation. To determine whether jurisdiction is reasonable, courts consider:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum

*Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995).

Most of these factors weigh against personal jurisdiction in California, or are merely neutral. Defendants have not purposely injected themselves into California affairs. The Complaint alleges that Defendants created the 5D Chess game while residing in Washington or Illinois. The Defendants did not visit California, and aside from online conversations with Plaintiff when he lived in California there is no allegation of any other contact with California. All of the allegedly wrongful acts took place after Defendants ceased communications with Plaintiff.

Not only would it be a great burden for Defendants to litigate this matter in California when they reside in Illinois, it is a wholly unnecessary one where Plaintiff admits he too lives in Illinois.

If there is a conflict with the sovereignty of Defendants' state Illinois, this is at most a neutral factor where it is uncertain which forum's law will apply and where any of the alleged harm has been realized. The forum state California has no unique interest in adjudicating this dispute, where even Plaintiff does not reside in the state and the Complaint does not allege any harm to residents of the state.

Litigation in California would not be the most efficient judicial resolution of this controversy. None of the parties reside in California, including Plaintiff, and there is no indication of any witness that resides in California. There is also no indication that California law would apply to any of the

claims. For the same reasons, Plaintiff cannot show that litigating in California is important to his own interest in convenient and effective relief.

Lastly, there is an alternative forum, and a more appropriate one: Illinois, where all of the parties reside.

### c. Venue is Improper

Plaintiff has also not established that venue is proper under 28 U.S.C. § 1391(b). Appropriately enough, Plaintiff does not rely on § 1391(a) because none of the parties reside in California. Instead, he conclusively states that "a substantial part of the events or omissions giving rise to the claims occurred in this District". Complaint ⁋ 21.

But that is not true. Based on the Complaint, the only actions alleged to have occurred in California are that Rogers was possibly located in California during videoconferences with Petersen, and that Rogers created code for the game in California. Those are Plaintiff's own alleged acts, not Defendants'. Rogers does not allege that Defendants themselves acted in California. Defendants did not create the game while in California, nor did they market or distribute it while they were in California. In fact, they were not present in California for the entirety of the allegations in the Complaint. All of the allegedly wrongful acts took place on or after July 2020, more than a year after Petersen last communicated with Rogers.

In copyright cases, venue is proper "in the district in which the defendant or his agent resides or may be found" or "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." 28 U.S.C. § 1400(a). As discussed above, the defendants do not reside in California and are not subject to personal jurisdiction in California.

### d. The Case Should be Dismissed or Transferred Under *Forum Non Conveniens*

If the court does not dismiss for any of the reasons stated above, it should dismiss or transfer to a federal court in the Northern District of Illinois under the doctrine of *forum non conveniens*. All

the parties reside in Illinois, the Defendants were served in Illinois, and there are no known witnesses in California.

Ordinarily, a Plaintiff who sues in their home forum is awarded deference in that forum. *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991). But Plaintiff does not reside in this district or state so he is not entitled to deference.

A party seeking to dismiss or transfer under *forum non conveniens* must show: 1) an adequate alternative forum; and 2) "that the balance of private and public interest factors favor dismissal." *Id.* at 768. There is an alternative forum in Illinois where Defendants and Plaintiff reside, and where Defendants were served.

Furthermore, both private and public interest factors also favor dismissal in this Court. Private interest factors include "ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses." *Id.* at 769, quoting *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 948 F.2d 1446, 1451 (9th Cir. 1990). Here, the parties themselves are likely to be the only fact witnesses in this case, and they are all in Chicago. There are no known hostile witnesses in need of service, and the cost of transportation for the parties will be far less to move within Chicago than to fly to and from California. Moreover, all of the likely evidence, apart from witness testimony, is electronic, and so to the extent that these items can be said to exist anywhere, they can just as easily be brought to Chicago as to California. No persons or things relevant to the case are located in California.

As for public interest, such factors include "court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." *Id.* at 771 (quoting *Contact Lumber,* 942 F.2d at 1452). The factor of court congestion is likely neutral, but the local interest is in Illinois. Neither Mr. Petersen nor Thunkspace has a connection to California. This case is ultimately between two Illinois natives who currently reside in Illinois. If any place has

a local interest in this dispute, it is Illinois. It is unclear based on the alleged facts and Defendants' contrary facts whether the state law claims will be based on the laws of Illinois, California, or Washington.

Because most of these factors balance in favor of hearing this dispute in Illinois, and the rest are neutral at best, Illinois is the only appropriate forum.

**IV.   Conclusion**

For the reasons set forth in this Memorandum, this Court should dismiss the case in its entirety, or in the alternative transfer this case to a federal court in the Northern District of Illinois. Defendants also request that this Court determine if briefing is appropriate on an award of attorney's fees under 17 U.S.C. § 505 for defending against an objectively unreasonable copyright claim.

Dated: September 22, 2023

Respectfully submitted,

Mark Jaffe
5 Bridges Law, PC
Attorney for Defendants